IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LETICIA DELEON | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 23-cv-00110 |
| | ) | |
| vs. | ) | |
| | ) | |
| RANGE SERVANT AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**

Comes now the Plaintiff, Leticia Deleon, by counsel, and for her Complaint for Damages against the Defendant, Range Servant America, Inc., alleges and states as follows:

**PARTIES**

1.  Plaintiff Leticia DeLeon is an individual domiciled in the State of Texas. Plaintiff Leticia DeLeon was the spouse of David Villarreal Galindo (Deceased) at the time of his death.

2.  Defendant Range Servant America, Inc. ("Range Servant") is a foreign corporation doing business in the State of Texas. Range Servant is organized under the laws of the State of Georgia and maintains its principal place of business in Georgia. This Complaint arises from Range Servant's business activities in the State of Texas.

3.  On information and belief, Range Servant is a designer, manufacturer, marketer, shipper, seller, and distributor of certain products that were used and consumed in Hidalgo County, Texas, in the ordinary course of Range Servant's trade and business. On information and belief, such products include, without limitation, a certain Range Servant "Golf Ball Picker" machine, bearing Model "SD", and Manufacturing No. "16PKL46", and its associated parts and components, including replacement parts and components **(the "Product")**, which Range Servant

designed, manufactured, marketed, shipped, sold, and distributed, in its ordinary course of trade, to the Tierra Del Sol Golf Club located at 700 E. Hall Acres, Pharr, TX 78577.

4. On information and belief, Range Servant does not maintain a regular place of business in Texas and has not designated an agent for service of process in Texas.

5. Range Servant may be served with process by serving its statutory agent for service of process pursuant to the Texas Long-Arm Statute:

> **Texas Secretary of State**
> **Service of Process**
> **P.O. Box 12079**
> **Austin, Texas 78711-2079**

with the Texas Secretary of State to then mail a copy of process, certified mail, return receipt requested, to Range Servant, care of its corporate officer:

> **Range Servant America, Inc.**
> **C/O Nick Jahn, CEO**
> **3000 Center Place, Ste. 300**
> **Norcross, GA 30093**

## JURISDICTION AND VENUE

6. The Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that this is a civil action for monetary damages and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

7. Venue in the Southern District of Texas, McAllen Division, is proper pursuant to 28 U.S.C. § 1391(b) and (d) because Defendant resides within this District and Division, and because a substantial part of the events or omissions giving rise to this claim occurred in this District and Division.

## FACTUAL BACKGROUND

8. On May 5, 2022, Mr. David Villarreal Galindo was injured while working with the Range Servant Product at the Tierra Del Sol Golf Club in Pharr, Texas. Mr. Galindo was severely

injured when the Range Servant Products unexpectedly tilted over and struck his leg. The Range Servant Products had sharp, unguarded, and dangerous edges and surfaces which caused severe lacerations to Mr. Galindo's leg. Thereafter, on or about July 31, 2022, Mr. Galindo died as a result of medical complications arising from the severe injuries he suffered from the Range Servant Product.

9. On information and belief, Defendant's Product did not contain any warnings of the Product's dangers which caused Mr. Galindo's injuries and death. On further information and belief, Defendant did not provide any instructions so as to allow Mr. Galindo to avoid the Dangers of the Product which caused Mr. Galindo's injuries and death.

## **COUNT I: STRICT LIAIBLITY – DEFECT IN DESIGN**

10. The Product was unreasonably dangerous in that it was designed in such a way that it could unexpectedly tilt over; and that it was designed with sharp, unguarded edges and surfaces which could cause severe lacerations.

11. Defendant's defective design of the Product was a producing cause of Mr. Galindo injuries and death.

12. Other safer alternative designs for the Product existed which would have prevented or significantly reduced the risk of the personal injuries suffered by Mr. Galindo without substantially impairing the product's utility.

13. Such other safer alternative designs were economically and technologically feasible at the time the Product left Defendant's control by the application of existing or reasonably achievable scientific knowledge.

14. The Product is/was not known to be inherently unsafe by the ordinary consumer who consumes the product with the ordinary knowledge common to the community.

15. Defendant's defective design of the Product was a producing, direct, and proximate

cause of Mr. Galindo's death and Plaintiff's damages.

## COUNT II: STRICT LIABILITY – DEFECT IN MANUFACTURE

16. In addition, or in the alternative, the Product was defectively manufactured and unreasonably dangerous in that it deviated in its construction or quality from Defendant's specifications and/or planned output.

17. The Product was defective in its manufacture at the time it left Defendant's possession and/or control.

18. The Product was dangerous to an extent beyond which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

19. Defendant's defective manufacture of the Product was a producing, direct, and proximate cause of Mr. Galindo's death and Plaintiff's damages.

## COUNT III: STRICT LIABILITY – DEFECT IN MARKETING

20. In addition, or in the alternative, Defendant's marketing of the Product was defective in that Defendant failed to give adequate warnings of the Product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known.

21. Defendant's failure to give adequate warnings of the Product's dangers rendered the Product unreasonably dangerous as marketed.

22. In addition or in the alternative, Defendants' marketing of the Product was defective in that Defendant failed to give adequate instructions to avoid the Product's dangers that were know or by the application of reasonably developed human skill and foresight should have been known.

4

23. Defendant's failure to give adequate instructions to avoid the Product's dangers rendered the Product unreasonably dangerous as marketed.

24. Defendant's defective marketing of the Product was a producing, direct, and proximate cause of Mr. Galindo's death and Plaintiff's damages.

## COUNT IV: NEGLIGENCE

25. In addition, or in the alternative, Defendant was negligent in failing to use ordinary care in its design, manufacture, and/or marketing of the Product.

26. Defendant's negligence was a proximate cause of Mr. Galindo's death and Plaintiff's damages.

## DAMAGES

27. Defendant's defective Product and negligence were producing, direct, and proximate causes of the death of David Villarreal Galindo, for which Plaintiff is entitled to recover wrongful death damages pursuant to Texas law, including without limitation:

   a. Reasonable medical, therapy, and counseling care and expenses in the past;

   b. Reasonable and necessary medical, therapy, and counseling care and expenses which will in all reasonable probability be incurred in the future;

   c. Mental anguish in the past;

   d. Mental anguish in the future;

   e. Loss of support in the past;

   f. Loss of probable support in the future;

   g. Loss of services in the past;

   h. Loss of services in the future;

   i. Loss of consortium, society, love, affection, companionship, and care in the past; and

   j. Loss of consortium, society, love, affection, companionship, and care in the future.

## **JURY DEMAND**

28.     Plaintiff demands a jury on all issues so triable.

## **PRAYER**

WHEREFORE, Plaintiff prays that upon final trial, the Court enter judgment for Plaintiff actual damages, costs, prejudgment interest, post-judgment interest, and for such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

*s/ Jerry Easley*
Jerry Easley
Tex. Bar No. 24050021
26205 Oak Ridge, Ste 100
The Woodlands, TX 77380
Phone: (281) 465-8665
Fax:    (832) 442-3939
jerry@jeasley-law.com